# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### FEBRUARY TERM, 1902.

67 357
e69 117

## THE STATE BOARD OF ASSESSORS v. PLAINFIELD WATER SUPPLY COMPANY.

Submitted December 9, 1901—Decided February 24, 1902.

1. A statute imposing taxes upon corporate franchises contained a provision that "this act shall not be construed to apply to" certain corporations. *Held*, that this was merely a legislative declaration that the designated corporations should be exempted from the operation of the statute, and not an attempt to restrict the judicial power to interpret it.

2. Under our system of laws, corporate franchises are the subject of legislative grant exclusively. When, however, such franchises are to be exercised within the limits of a municipality, the legislature frequently makes the right to exercise them to depend upon the obtaining of municipal consent to do so. *Held*, that by a declaration in a statute, that its provisions should not apply to corporations which did not and could not exercise "municipal franchises," those corporations were intended whose right to exercise their franchises was dependent upon municipal consent.

On *mandamus*. On demurrer to return to writ.

357

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and PITNEY.

For the relators, *Samuel H. Grey,* attorney-general.

For the respondent, *Frank Bergen.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The relators seek, by this proceeding, to compel the Plainfield Water Supply Company to furnish to them a statement showing the gross receipts of the business of the company for the year ending December 31st, 1900, for the purpose of enabling the relators to impose upon the company the franchise tax provided for by chapter 195 of the laws of 1900. *Pamph. L., p.* 502.

By the eighth section of the statute referred to it is declared that "this act shall not be construed to apply to any corporation which has not hitherto, or may not hereafter, exercise any municipal franchise." The respondent, by its return, shows that it does not and cannot exercise any municipal franchise, and insists that it is consequently exempted from taxation under the act.

The relators contend that the provision quoted is nugatory for the reason that it is an attempt by the legislature to control the courts in the performance of their function of interpreting statutes. We do not consider this to be the import of the words, "This act shall not be construed to apply to," when used in the connection in which they appear in this provision. Their purpose is not to curtail to any extent the judicial power of interpretation, but to limit the scope of the act itself; being equivalent to "This act shall not apply to."

It is further argued that the provision of the eighth section must fail because, to give it effect, would be to nullify the whole act, as none of the corporations of this state do now or can hereafter, exercise any municipal franchise, all corporate franchises being the subject of legislative and not municipal grant. Strictly speaking, this is true. Many franchises, however, are granted by the legislature upon condition that

they shall not be exercised by the grantee without its first obtaining the consent of the municipality within whose limits the franchises are to be exercised; and a reading of the statute makes it quite clear that by the expression, "municipal franchises," the legislature referred to franchises of this character.

The defendant is entitled to judgment on the demurrer.